### VERNA HUSTON vs. LELAND LIBBY.

Androscoggin County. Decided July 18, 1922. This is a complaint under the so-called bastardy act. That the complaint, accusation at time of travail, constancy of accusation, declaration before trial, and all other statutory requirements had been complied with are not questioned. Upon the issue of fact as to whether the respondent is the father of complainant's illegitimate child the jury found him guilty. That verdict he asks this court to set aside on account of manifest error in the finding.

He admits frequent acts of sexual intercourse with the complainant but denies paternity of the child. He relies largely upon medical testimony as to time of conception and length of the period of pregnancy, as understood by the medical profession, also as to the power of the respondent to indulge in sexual intercourse while suffering from venereal disease. He also relies upon letters written by the complainant to another man, which, he says, tends to

show that such other man was the father of the child. Other testimony was produced in defense to all which the jury listened with the witnesses in view.

On the other hand the complainant says that she first went alone to the respondent and informed him of her condition, that he was in bed on account of sickness, and that he said "he wanted to wait until he got up out of bed;" that later she went to him with her father and mother. At this interview there were present the father and mother of the complainant, the father and mother of the respondent, as well as the complainant and the respondent. From the testimony of complainant's mother at this latter interview he was asked if he was willing to marry Verna or make things right with her so there would not be any disgrace hereafter and that he did not then deny responsibility for Verna's condition but cried and said he "didn't want to get married now; the boys would all make fun of him." Mrs. Huston also testified that, in the presence of his son, Mr. Libby, father of the respondent, said "Now keep still and don't say nothing to nobody about this and just as soon as Leland gets able so he can get around we will go and get his papers made out and you can get Verna's papers made out. Just as soon as we can do it. Wait until he gets well and then we will go and get his papers made out and you can get Verna's papers made out so that they can get married." The complainant's father corroborated his wife and says that the respondent, after convalescence, went away or, to use his own language "First thing I knew he had skipped."

Other evidence appeared in the record which, with that already referred to and believed by the jury, would serve as a proper foundation for the verdict. We are not convinced that there was manifest error in the finding. Motion overruled. *Frank A. Morey*, for plaintiff. *George C. Webber*, for defendant.